IN RE APPLICATION OF BASIN TRUCK COMPANY ET AL. BASIN TRUCK COMPANY ET AL., APPELLANTS, V. ALL CLASS I RAIL CARRIERS IN NEBRASKA ET AL., APPELLEES.

108 N. W. 2d 388

Filed March 31, 1961. No. 34847.

*Nelson, Harding & Acklie* and *Robert S. Stauffer*, for appellants.

*James E. Steffarud* and *Harvey L. Goth,* for appellees.

Heard before SIMMONS, C. J., CARTER, MESSMORE, YEAGER, WENKE, SPENCER, and BOSLAUGH, JJ.

BOSLAUGH, J.

This is an appeal from the Nebraska State Railway Commission in proceedings involving the application of Basin Truck Company and the application of Vernon Lloyd Miller for authority to transport cement in bulk as common carriers between points in Nebraska over irregular routes.

Protests were filed to the applications and a hearing was held before an examiner upon a consolidated record. The examiner recommended that the applications be granted.

Exceptions were filed to the examiner's report and recommendation; and after hearing and argument on the exceptions before the commission, the commission entered separate orders sustaining the exceptions to the examiner's report and denying the applications. Motions for rehearing were filed and overruled.

The order of the commission denying the application of Basin Truck Company, after reciting the proceedings had up to that time in reference to the application, is as follows:

"The Commission, upon due consideration of the evidence adduced at the hearing, the Examiner's report and recommendation, the exceptions thereto and the oral arguments thereon, and being fully advised in the premises, is of the opinion and finds the Exceptions to the Examiner's report should be Sustained, the Examiner's report Overruled and the application Denied.

"ORDER

"IT IS THEREFORE ORDERED by the Nebraska State Railway Commission that Application No. M-10747, Supplement No. 5 of Basin Truck Company, Denver, Colorado be, and the same is hereby, Denied." The order in reference to the application of Vernon Lloyd

Miller is the same except for the name of the applicant.

The appellants assign as error the failure of the commission to make findings of fact. In the motions for rehearing the appellants alleged that the orders were contrary to law.

Section 84-915, R. S. Supp., 1959, provides in part as follows: "Every decision and order adverse to a party to the proceeding, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law."

In Young v. Morgan Drive Away, Inc., 171 Neb. 784, 107 N. W. 2d 752, the court held that a finding by the commission of the ultimate facts substantially in the language of the statute was a sufficient compliance with this section. In Ferguson Trucking Co., Inc. v. Rogers Truck Line, 164 Neb. 85, 81 N. W. 2d 915, the court held that an order of the commission making ultimate findings of fact in the language of the statute was not void.

In this case the commission made no findings of fact. There is no basis upon which to review the order of the commission and determine whether it is reasonable or arbitrary. In Skeedee Independent Tel. Co. v. Farm Bureau, 166 Neb. 49, 87 N. W. 2d 715, the court said: "The commission should consider each of the several items and make findings of fact thereon. In that way if the applicant is dissatisfied, we, on appeal, may consider the matter in the light of the rule that: On appeal to the Supreme Court from an order of the Nebraska State Railway Commission, while acting within its jurisdiction, the question for determination is the sufficiency of the evidence to prove that the order is not unreasonable or arbitrary. Chicago, B. & Q. R.R. Co. v. Keifer, 160 Neb. 168, 69 N. W. 2d 541."

The following from Oakdale Tel. Co. v. Wilgocki, 171 Neb. 425, 106 N. W. 2d 486, is applicable here: "The applicant and this court are left facing the question unan-

swerable from the record: Why was the application denied?"

In In re application of Hergott, 145 Neb. 100, 15 N. W. 2d 418, the court set aside as irregular an order of the railway commission changing and revoking in part a certificate of public convenience and necessity. The statute authorized a revocation for "wilful failure" to comply with the act. The commission found that a violation had occurred but failed to find that it was willful. The court said: "The fact that a violation was found to exist does not meet the requirements of the statute. When a finding of willfulness is not made, the order of revocation is irregular and will, on appeal, be vacated and set aside."

The orders of the commission appealed from are irregular and must be set aside. It is unnecessary to consider the other assignments of error made by the appellants.

REVERSED.

WENKE, J., not participating.