IN RE APPLICATION OF YELLOW CAB COMPANY ET AL.
YELLOW CAB COMPANY ET AL., APPELLANTS, V. NEBRASKA
STATE RAILWAY COMMISSION, APPELLEE.

120 N. W. 2d 922

Filed April 5, 1963. No. 35350.

Carl E. Sanden and Clarence A. Davis, for appellants.

Clarence A. H. Meyer, Attorney General, Homer G. Hamilton, and Clarence E. Danley, for appellee.

Heard before WHITE, C. J., CARTER, MESSMORE, YEAGER, SPENCER, BOSLAUGH, and BROWER, JJ.

BROWER, J.

The Yellow Cab Company and Lincoln Cabs, Inc., doing business as Capital Cab Company, both corporations, each engaged in doing business in Lincoln, Lancaster County, Nebraska, joined in this proceeding by filing an application before the Nebraska State Railway

Commission, hereinafter referred to as the commission.

Their purpose was to secure an order of the commission to effectuate a change in the rates permitted to be charged for their services to those using their taxicabs. The proposed changes will not be set out herein except to say they resulted in reducing the fares on very short trips, raising them in a large number of longer trips, and in raising the rates charged for waiting time.

Due notice of the hearing on the application which was set for August 4, 1961, at 9 a.m., was given by the commission and no one appeared to contest the same. Thereupon, on the day set a hearing was had on the application and evidence was adduced by the applicants. The evidence consisted in part of summaries of the applicants' business operations tending to show that except in certain years they were operating at a loss. On September 20, 1961, the commission ordered the application to be referred to the motor transportation department for further hearing. On November 8, 1961, the commission entered an order requiring the applicants to furnish certain additional listed information by way of exhibits or otherwise, which were thereafter furnished. In the meantime the hearing was continued until February 6, 1962, and notice given accordingly.

On that day further evidence was produced by the applicants, including exhibits containing the several items of information requested by the commission. This was followed by evidence by an expert certified public accountant and attorney employed by the commission, consisting largely of his report, testimony given by him in regard thereto, the results of his examination of the applicants' exhibits, and his conclusions made therefrom.

On April 20, 1962, the examiner filed his report and recommendations which, aside from reciting the commission's action in bringing the matter to trial and holding of hearings, concluded only with a finding that the report and recommendations of the expert may be of considerable help in determining a method of book-

keeping whereby the commission can give a fair decision upon the matters. It stated that while he was sure the applicants were complying with bona fide accounting procedures for federal tax purposes, it is questionable whether those procedures were acceptable for rate-making purposes. It made no further finding of fact and recommended only that the commission "follow that accounting procedure which must (sic) correctly assists in presenting an undistorted picture whereby a rate base may be established. * * * On the basis of facts brought out at the hearing, it would not be consistent with the public interest to grant the present application."

On May 2, 1962, the commission entered its order refusing authority to change the rates as requested. The order failed to make findings of fact but merely found that the applicants had failed to prove that the proposed change of rates was necessary and that it would not be consistent with the public interest to grant the application.

Applicants timely filed a petition for rehearing and a supplemental motion in support thereof. The petition and motion being overruled, the applicants have brought the matter to this court by appeal.

Applicants as appellants assign as error of the commission its failure to make any findings of fact as required by section 84-915, R. S. Supp., 1961, or findings of fact concerning a rate base upon which rates might be determined. There are other errors assigned based on claims by the applicants of supposed erroneous factual decisions of the commission drawn from the evidence before it. In view of the absence of findings of fact errors, if any, in this respect cannot be considered by this court on appeal.

In Basin Truck Co. v. All Class I Rail Carriers, 172 Neb. 28, 108 N. W. 2d 388, this court said: "An order of the Nebraska State Railway Commission which fails to make findings of ultimate facts is irregular and will be set aside upon appeal."

In the cited case the court pointed out that in case the commission made no findings of fact as required by section 84-915, R. S. Supp., 1961, there is no basis upon which to review the order of the commission and to determine whether it is reasonable or arbitrary.

The commission, as appellee herein, however contends that it is not required to make findings of fact in this case and now urges this court to overrule the case of Basin Truck Co. v. All Class I Rail Carriers, *supra*, basing its argument on three propositions.

First, it alleges that section 84-915, R. S. Supp., 1961, when read in pari materia with section 84-901, R. S. Supp., 1961, does not include or apply to permits, certificates of public convenience and necessity, franchises, rate orders, and tariffs, or any rules of interpretation thereof. The commission cites as its principal authority for this proposition, City of Scottsbluff v. United Tel. Co. of the West, 171 Neb. 229, 106 N. W. 2d 12, quoting at length from that opinion. An examination of the holding in the cited case shows that the court was interpreting sections 84-901 to 84-908, R. R. S. 1943, as they existed previously to the amendatory statute contained in Laws 1959, chapter 456, page 1510, now sections 84-901 and 84-909 to 84-915, R. S. Supp., 1961. The act at the time of the decision in the cited case by the express terms of subdivision (2) of section 84-901, R. R. S. 1943, defining the meaning of the word "rule," did not affect regulations concerning the internal management of the agency not affecting private rights or interests, and did not affect rate tariffs and any rules of interpretation thereof. Neither did it have provisions concerning contested cases such as now exist in section 84-915, R. S. Supp., 1961. In the case of City of Scottsbluff v. United Tel. Co. of the West, *supra*, the court had before it a case involving rates as affected by an occupation tax ordinance of the City of Scottsbluff. The city contended the provisions of sections 84-901 to 84-908, R. R. S. 1943, as they then existed, requiring an agency's rules to be filed with

the Secretary of State, applied to the rate questions under consideration. This court in that case properly held that those sections then under consideration had no application to such matters.

By Laws 1959, chapter 456, section 8, page 1513, section 84-915, R. S. Supp., 1961, was added with other sections. It reads in part as follows: "Every decision and order adverse to a party to the proceedings, rendered by an agency in a contested case, shall be in writing or stated in the record and shall be accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise statement of the conclusions upon each contested issue of fact." Section 84-901, R. R. S. 1943, was amended also by section 1 of Laws 1959, chapter 456, page 1510, and in addition to that portion defining the word "Rule" as used in the act, a third provision was added to that section as follows: "(3) Contested case means a proceeding before an agency in which the legal rights, duties, or privileges of specific parties are required by law or constitutional right to be determined after an agency hearing." These sections, 84-901 and 84-915, R. S. Supp., 1961, clearly apply to decisions of the commission and require that its decisions in rate cases contain findings of fact and conclusions of law.

The commission however argues that if sections 84-901 and 84-915, R. S. Supp., 1961, when construed together require that the commission make such findings of fact and conclusions of law, the act insofar as it applies to the commission is unconstitutional. It does not dispute the power of the Legislature to regulate the commission but contends the enactment of these sections by L. B. 362 set out in Laws 1959, chapter 456, page 1510, was in violation of Article III, section 14, of the Constitution of Nebraska. This it asserts is because the title to the act is not sufficient to include regulations affecting it and that if it is broad enough to include regulation of the commission the bill then contains more than one subject.

A quotation, in part, of the title to L. B. 362, as it appears in Laws 1959, chapter 456, page 1510, follows: "AN ACT to amend section 84-901, Reissue Revised Statutes of Nebraska, 1943, relating to state officers; to define and redefine terms; to provide a construction clause as prescribed; to provide a uniform procedure for proceedings before administrative agencies; to provide for the adoption of rules of agencies; * * * to provide procedures for the conduct of contested cases before agencies; * * * to provide for the issuance of decisions or orders by agencies * * *; to provide that this act shall be independent and cumulative of existing laws; and to repeal the original section."

The commission's second contention therefore is that the inclusion of regulations concerning it in L. B. 362, set out above, renders the provisions affecting it unconstitutional because this title cannot be said to include it. This is because the title purports to make rules and regulations in regard to administrative agencies. It argues that the commission is not an administrative agency but has independent legislative, judicial, and executive or administrative powers. It urges the Legislature must act with specific reference to it in order that it be affected. The commission cites in support of this theory, In re Lincoln Traction Co., 103 Neb. 229, 171 N. W. 192, where this court held the commission, under Article IV, section 20, of the Constitution of Nebraska, did have powers attributable in certain areas to all three departments of government.

The fact that the commission has certain legislative and judicial powers which may distinguish it in certain respects from other agencies which exercise purely administrative powers does not prevent it from being an agency of the state in a broad sense. That the Legislature intended the provisions of Laws 1959, chapter 456, page 1510, to apply to the acts of the commission cannot be doubted from its definition of an agency set out in subdivision (1) of section 84-901, R. S. Supp., 1961. It seems

clear also that in the title to L. B. 362, Laws 1959, chapter 456, page 1510, the Legislature used the term "agencies" in the broadest sense. It refers to administrative agencies at first and thereafter simply to agencies. The Supreme Court of Wisconsin in construing a similar act in Clintonville Transfer Line, Inc. v. Public Service Commission, 248 Wis. 59, 21 N. W. 2d 5, said: "We find it necessary to advert to one other matter. The Public Service Commission is an agency within the definition of that term found in ch. 227, Stats., relating to administrative procedure and review and its proceedings are governed by the provisions of that chapter. It should proceed accordingly. Sec. 227.13 Stats., provides: 'Every decision of an agency in a contested case shall be in writing accompanied by findings of fact and conclusions of law. The findings of fact shall consist of a concise and separate statement of the ultimate conclusions upon each contested issue of fact without recital of evidence.'" In Trybulski v. Bellows Falls Hydro Electric Corp., 112 Vt. 1, 20 A. 2d 117, after holding its powers, though to a certain extent legislative and judicial, were validly vested in it under the Constitution, further held that the public service commission of that state was to be classed as an "agency" of the Legislature and is not a "court" in the strict sense. In Lennox v. Housing Authority of the City of Omaha, 137 Neb. 582, 290 N. W. 451, this court said: "The constitutional provision does not require that the title be a synopsis of the law. The purpose of the constitutional inhibition was to prevent surreptitious legislation by advising legislators of the nature of the measures they are called upon to support or oppose. If by a fair and reasonable construction the title calls attention to the subject-matter of the bill, it may be said that the object is expressed in the title." In view of the broad meaning of the term "agency" applied by courts to regulatory bodies we are satisfied the title to this act clearly includes the commission as one of the agencies to be regulated. In the

present case we hold that the term "agencies" as set out in the title to L. B. 362, Laws 1959, chapter 456, page 1510, includes the Nebraska State Railway Commission.

The commission's third contention is that L. B. 362, as set out in Laws 1959, chapter 456, page 1510, is unconstitutional in that it contains more than one subject in violation of Article III, section 14, of the Constitution of Nebraska. Again it asserts that the commission is more than an administrative agency and has been held to have both judicial and legislative powers under the Constitution. It then urges that to include in one legislative bill the regulation of the commission and other administrative agencies of the state is to violate the provisions of Article III, section 14, of the Constitution of Nebraska, providing that no bill shall contain more than one subject.

It seems clear that the general purpose of the act is to regulate matters of procedure before all state agencies. We have hitherto discussed and decided that the commission is an agency of the state.

In Nebraska Mid-State Reclamation Dist. v. Hall County, 152 Neb. 410, 41 N. W. 2d 397, the court quoted other cases and adopted their holdings as follows: " 'If an act has but one general object, no matter how broad that object may be, and contains no matter not germane thereto, and the title fairly expresses the subject of the bill, it does not violate section 14, art. III of the Constitution, providing that no bill shall contain more than one subject and the same shall be clearly expressed in the title.' Beisner v. Cochran, 138 Neb. 445, 293 N. W. 289."

Having carefully considered the statute in controversy, we are convinced that L. B. 362, Laws 1959, chapter 456, page 1510, is not in violation of Article III, section 14, of the Constitution of Nebraska, providing that no bill shall contain more than one subject because its pro-

visions apply to the Nebraska State Railway Commission and other administrative agencies.

Having found the enactment of the legislative acts under consideration constitutional, we hold that the provisions of section 84-915, R. S. Supp., 1961, apply to the commission's decision rendered herein. As hitherto held in Basin Truck Co. v. All Class I Rail Carriers, *supra*, in the absence of such findings of fact, there is no basis upon which to review the order of the commission and to determine whether it is reasonable or arbitrary.

Therefore, for want of such findings of fact, the order is reversed.

REVERSED.