In re Application of Madeline M. Smith, doing business as Smitty's Van & Storage, Omaha, Nebraska.
Andrews Van Lines, Inc., appellant, Impleaded with Ace Moving & Storage Co., Inc., et al., appellees, v. Charles O. Smith, doing business as Smitty's Van & Storage, Omaha, Nebraska, appellee.

192 N. W. 2d 406

Filed December 10, 1971. No. 37954.

534

Nelson, Harding, Marchetti, Leonard & Tate and Earl H. Scudder, for appellant.

Viren, Epstein & Leahy, for appellee Smith.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, SMITH, McCOWN, and NEWTON, JJ.

BOSLAUGH, J.

This is an appeal from a proceeding before the Nebraska State Railway Commission upon the application of Madeline M. Smith for authority to acquire the operating rights held by her husband, Charles O. Smith, who died on January 16, 1968. Charles O. Smith held a certificate of public convenience and necessity which

authorized the transportation of househld goods and office furniture between all points and places in Nebraska over irregular routes. The business operated as Smitty's Van & Storage.

Protests were filed by eight other carriers and a complaint was filed by five carriers alleging that the certificate sought to be transferred was dormant. On June 16, 1969, the commission found that a limited operation had been conducted, that the authority should be restricted to points within a 250-mile radius of Omaha, Nebraska, and that all shipments must originate or terminate within a 60-mile radius of Omaha. The commission authorized the transfer of the authority as modified, and also authorized the lease of the certificate as requested by the applicant. The order was mailed June 23, 1969.

A motion for rehearing was filed by the applicant on June 27, 1969, and a supplemental motion for reconsideration was filed on December 4, 1969. On March 20, 1970, the motion for rehearing was overruled.

On April 13, 1970, the commission, on its own motion, reconsidered its order of March 20, 1970, and vacated and set it aside. On April 27, 1970, the commission authorized the transfer of the authority to the applicant without restriction. It is from this order that the protestant, Andrews Van Lines, Inc., appeals.

The protestant contends that the commission had no jurisdiction on April 13, 1970, to reconsider on its own motion its order of March 20, 1970, and that the order of April 13, 1970, vacating and setting aside the order of March 20, 1970, is void.

The protestant relies upon Strasheim v. Martin, 169 Neb. 787, 101 N. W. 2d 161, which held that the commission lost jurisdiction when it overruled a motion for rehearing in a proceeding upon an application for a certificate of public convenience and necessity. In the Strasheim case the commission had granted the application. Then, on the same day, the commission overruled

the motion for rehearing; reconsidered its previous order granting the application; and then denied the application. Upon appeal this court held that the commission lost jurisdiction of the proceeding when it overruled the protestant's motion for rehearing.

The applicant contends that the time for appeal from the order of March 20, 1970, did not begin to run until March 31, 1970, the date on which a copy of the order was mailed; and that until an appeal was perfected, the commission had control of its order and could vacate and set it aside. We have reconsidered our holding in the Strasheim case and have reached the conclusion that it is too restrictive.

The commission is a constitutionally created body that exercises judicial powers. This distinguishes it in certain respects from other agencies which exercise purely administrative powers. Yellow Cab Co. v. Nebraska State Railway Commission, 175 Neb. 150, 120 N. W. 2d 922. The power to decide usually implies the power to reconsider. Albertson v. Federal Communications Comm., 182 F. 2d 397. The Legislature has recognized the power of the commission to reconsider an order upon the motion of a party. § 75-137, R. S. Supp., 1969. We think a similar power exists upon the motion of the commission itself. Such a power ordinarily expires at the end of the time within which an appeal may be taken. Anchor Casualty Co. v. Bongards Co-operative Creamery Assoc., 253 Minn. 101, 91 N. W. 2d 122, 73 A. L. R. 2d 933.

Section 75-137, R. S. Supp., 1969, provides that an appeal to this court may be taken within 30 days after the mailing of a copy of the order. An appeal is deemed perfected and this court has jurisdiction of the cause when a notice of appeal has been filed and the docket fee paid as required by law. We hold that the commission may reconsider an order on its own motion during the 30 days after the mailing of a copy of the order and before an appeal to this court has been taken. Upon the

expiration of 30 days from the mailing of a copy of the order, or upon an appeal being perfected to this court, the power of the commission to reconsider its order upon its own motion terminates.

In this case the order of March 20, 1970, which was mailed to the parties on March 31, 1970, was vacated and set aside by the commission on April 13, 1970. No appeal had been perfected and the 30-day period commencing March 31, 1970, had not expired. The order of April 13, 1970, was, therefore, within the jurisdiction and power of the commission.

The other assignments of error relate to the finding of the commission that the application for transfer of the operating rights should be granted without restriction. Section 75-318, R. S. Supp., 1969, provides that the commission may authorize a transfer of operating rights if, after notice and hearing, "* * * the commission finds that the transaction proposed will be consistent with the public interest and does not unduly restrict competition and that the applicant is fit, willing, and able to properly perform the proposed service * * *."

Section 75-134, R. S. Supp., 1969, requires that an order of the commission, entered after a hearing, contain a discussion of the basic facts, the ultimate facts, and the commission's reasoning or other authority. An order of the commission which fails to make findings of ultimate facts is irregular and will be set aside upon appeal. Basin Truck Co. v. All Class I Rail Carriers, 172 Neb. 28, 108 N. W. 2d 388. In the order of April 27, 1970, the commission made no finding other than that the application should be granted. The order is clearly irregular and must be set aside for this reason.

Section 75-321, R. R. S. 1943, which provides that the authority conferred by a certificate held by a deceased person shall continue temporarily with his legal representative is not applicable here. The order of April 27, 1970, authorizes a permanent transfer of the authority to the applicant.

The protestant further contends that the certificate involved in this case was dormant, at least in part, and that the transfer of the certificate would result in a new or different service or operation as to territorial scope, so that a transfer of the certificate could be approved only upon proof and a finding that the transfer is required by public convenience and necessity. § 75-318, R. S. Supp., 1969. In this regard the evidence showed that the operations under the certificate were not as extensive as those of some of the applicant's competitors, and that recent operations had been largely in Omaha and the surrounding area.

The certificate involved in this case authorized the transportation of household goods. In determining the issue of dormancy, consideration must be given to the differences between the transportation of household goods and the transportation of general commodities. This has been recognized by the Interstate Commerce Commission in a number of cases. In United States Van Lines, Inc. — Purchase — J. Norman Geipe Van Lines, Inc., 87 M.C.C. 467, 470, the commission stated: "The transportation of household goods is a highly specialized service involving the use of equipment, facilities, and specially trained employees not ordinarily used in general commodity transportation. Also, the service rendered is essentially a call and demand type of operation performed for individual shippers who may never again have need for the service. These factors have caused the rejection of the strict approach on the issue of dormancy, or limited or sporadic service involving transfer of such type of authority."

In Myers Transf. & Storage Co. — Purchase — Pioneer Storage Co., 85 M.C.C. 264, the commission said: "In a long line of cases, for example, Evanston Fireproof Whose. — Control — Allied Van Lines, 40 M.C.C. 577, 594 (1946), and Geitz Stor. & Moving Co., Inc. — Investigation of Control, 65 M.C.C. 257, 296 (1955), the specialized nature and problems of household-goods trans-

portation, applicable to large and small carriers thereof, have been discussed. Clearly, it has been recognized that the stricter approach justified for withholding approval of the proposed purchase of general-commodity, regular-route operating rights, would not be appropriate to household-goods proceedings."

The determination of what is consistent with the public interest is peculiarly for the determination of the commission. Upon the record presented the commission was not required to find that the certificate was dormant in part or that a new or different service or operation as to territorial scope would result from the transfer.

The order of the commission is reversed as irregular for failure to make adequate findings as required by law.

REVERSED.