In re Application of LaNeta M. Abler.
LaNeta M. Abler, appellee, v. Herman Bros., Inc., et al., appellants.
192 N. W. 2d 410

Filed December 10, 1971. No. 37949.

James E. Ryan and Viren, Epstein & Leahy, for appellants.

Duane W. Acklie, Gailyn L. Larsen, and Acklie & Peterson, for appellee.

Heard before White, C. J., Spencer, Boslaugh, Smith, McCown, Newton, and Clinton, JJ.

SMITH, J.

The Nebraska State Railway Commission approved an agreement for purchase of all issued and outstanding shares of capital stock in Canada Transport, Inc., a common carrier. Protestants appeal. They assert insufficiency of the evidence and arbitrariness of the approval order.

The application by the purchaser, LeNeta Abler, was also signed by her husband, Paul Abler, who was doing business as Central Transport Co. Central Transport, a common carrier, held authority in part to transport bulk products to destinations located in ten counties of Nebraska.

Testimony of Paul Abler is as follows. Central Transport and Canada were competing to some extent. Upon approval and transfer of the shares he would manage Canada, relinquishing a successful management of Central Transport to his assistant. The two companies would operate separately for family and financial reasons.

LaNeta Abler, who inferably was not knowledgeable in transportation business, neither testified nor personally appeared.

The record includes evidence of equipment of both companies, abstracts of shipments transported by Canada, the stock transfer agreement, and testimony to the financial position of LaNeta and to provisions for employees of Canada.

Testimony of Earl Canada, the proposed seller and sole stockholder of Canada, is as follows. He and LaNeta agreed in writing to noncompetition by him and to her employment of him in an advisory capacity for 15 years. The consideration was payable monthly. He did not recall the consideration, having left the agreement at his office in Lexington. This allied agreement was not offered in evidence.

Approval by the commission of an application for stock transfer under the Motor Carrier Act must rest

upon findings that: (1) The transaction will be consistent with the public interest; (2) it will not unduly restrict competition; and (3) the applicant is fit, willing, and able to perform the proposed service properly. § 75-320, R. R. S. 1943.

Protestants argue that LaNeta's absence constituted a failure of evidence of her fitness, willingness, and ability. The argument is not well taken. The personal appearance of the applicant at the hearing is not necessarily a condition precedent to the commission's approving the proposed transfer. Cf. Bridgeways, Inc. - Purchase - Consolidated Freight Co., 50 M.C.C. 175, 180 (1947). Paul Abler, the man with the requisite knowledge and experience, testified to her fitness, willingness, and ability. The testimony under the circumstances was sufficient.

Protestants argue that nonproduction of the allied agreement rendered the evidence insufficient to meet the remaining statutory requirements.

Subject to the Motor Carrier Act, determination of the factors relevant to the public interest in a stock transfer proceeding is left primarily to the commission. Courts generally have not explicated prohibitions against undue restriction of competition among carriers. Cf. Jeffries-Eaves, Inc. v. Gettel, Inc., 173 Neb. 337, 113 N. W. 2d 476 (1962); United States v. I.C.C., 396 U. S. 491, 90 S. Ct. 708, 24 L. Ed. 2d 700 (1970); Trieneus, "The Role of Competition in Transportation and Communications." 39 A.B.A. Antitrust L. J. 470 (1970-71).

No one denied protestants the right to inspect or offer the allied agreement in evidence. Their argument, for which they cite The Pittson Co. - Control - Brink's Inc., 75 I.C.C. (Fin. Rep.) 345 (1958), 80 I.C.C. (Fin. Rep.) 179 (1959). That Canada's testimony without the allied agreement constituted insufficient evidence might prevail elsewhere. See, Youngstown Cartage Co. - Control and Merger, 93 M.C.C. 318 (1963); McAllister Bros., Inc. - Control and Merger, 317 I.C.C. 459 (1962);

Ephraim, "Purchase Price Issues in Motor Carrier Section 5 Proceedings," Transportation Law Institute: Finance, Transfer and Security Cases 177, 188-189 (1969). The railway commission and this court may properly consider rulings by the Interstate Commerce Commission. Preisendorf Transport, Inc. v. Herman Bros., Inc., 169 Neb. 693, 100 N. W. 2d 865 (1960).

We decline to adopt the federal rules asserted by protestants. Some de-regulation may also be in the public interest. The railway commission in weighing the public interest possesses a discretion to decide whether evidence of an allied employment and noncompetition agreement is necessary. In the present case there was no abuse of discretion.

On appeal to the Supreme Court from an order of the Nebraska State Railway Commission within commission jurisdiction, questions for determination are sufficiency of the evidence to support the findings, adequacy of the findings and conclusions to support the order, and the reasonableness or arbitrariness of the order. Andrews Van Lines, Inc. v. Smith, 187 Neb. 533, 192 N. W. 2d 406.

Applying the foregoing rule, we affirm the order.

AFFIRMED.