REQUESTED BY: Senator John DeCamp Nebraska State Legislature Room 1116 State Capitol Lincoln, Nebraska 68509
Dear Senator DeCamp:
This is in response to your letter of February 8, 1983, in which you requested our opinion as to the constitutionality of LB 606 and 603. Your concern was whether there was a violation of the prohibition against a bill containing more than one subject. In this letter we address LB 603 first because it is a longer and more complicated bill.
Article III, Section 14, of the Constitution of Nebraska provides in part: `No bill shall contain more than one subject, and the same shall be clearly expressed in the title.' The title of LB 603 states that it is an act relating to state administrative departments.
It is necessary to look at the bill and determine if the amendatory sections are part of the subject matter of the bill. According to Van Horn v. State, 46 Neb. 62, 74
(1895), legislation is `single' in subject matter `so long as the act has but a single main purpose and object.' In determining what that main object is we must look to the bill itself to ascertain whether or not it contains more than one subject. Id. at 72; and Midwest Popcorn Co. v. Johnson,152 Neb. 867, 871-72 (1950).
Sections 1, 2, 3 and 4 amends § 11-201 et seq., to transfer the duties of the Risk Manager to the Director of Administrative Services. Sections 5, 6 and 7 amends 44-1622
et seq., to authorize the Director of the Department of Administrative Services to carry out insurance duties formerly handled by the Risk Manager. Sections 8 through 13 amends § 48-194 et seq., to provide for the Secretary of the State Claims Board on the advice of the Attorney General to investigate, administer, pay and settle Workmen's Compensation Claims. Section 14 amends § 60-1008 to provide that the Director of Administrative Services (rather than Risk Manager) shall purchase liability for state vehicles. Sections 15 through 21 of § 81-173 et seq., provides for the establishment of a Task Force for building renewal in the Department of Administrative Services. Section 22 amends 81-8, 212 to provide that all tort claims shall be filed with the secretary of the State Claims Board rather than with the Risk Manager. Section 23 amends § 81-8,220 to provide that the Director of Administrative Services shall be the chairperson of the board. Sections 24, 25, 26, 27 and 28 provides that the Secretary of the State Claims Board and the Attorney General shall administer the judgments under the Tort Claim Act and report to the Legislature. Section 29 amends § 81-8,239.01 et seq., to provide that the Director of the Department of Administrative Services shall administer the Risk Management Program by identifying exposure to the risk of loss, determine the appropriate method of dealing with the exposure, and negotiate and contract the insurance which is necessary.
Each of the provisions in LB 603 addresses the transfer of certain duties and authority to the Department of Administrative Services, and it may, therefore be said that the act has a single main purpose and object.
It is well established that `if an act has but one general object, no matter how broad that object may be, and contains no matter not germane thereto, and the title fairly expresses the subject of the bill, it does not violate Article III, Section 14, of the Constitution.' (Emphasis added). Anderson v. Tiemann, 182 Neb. 393,155 N.W.2d 322 (1967); Yellow Cab Co. v. Nebraska, 175 Neb. 150,120 N.W.2d 922 (1963); Rein v. Johnson, 149 Neb. 67,30 N.W.2d 548 (1947); Beisner v. Cochran, 138 Neb. 445, 293 N.W. 289
(1940).
Although regulation of state administrative departments is a broad legislative object, that object is not so broadly defined as to fall outside the purview of Article III, Section14, of the Nebraska Constitution. The Supreme Court of Nebraska has defined the single object of a legislative bill as broadly as simply `taxation.' Anderson v. Tiemann,182 Neb. 393, 155 N.W.2d 322 (1967).
Given the Nebraska Supreme Court's consistently broad interpretation of legislative language, when combined with general rules of statutory construction, the conclusion must be that LB 603 should be construed to contain solely one comprehensive subject.
Each of the provisions of LB 603 is included within the general subject, `state administrative departments' and is consistent with the intent of the bill which is to transfer duties and authority to the Department of Administrative Services. It is axiomatic that `where a statute is susceptible of two constructions, one of which renders it constitutional and the other unconstitutional, it is the duty of the court to adopt the construction which, without doing violence to the fair meaning of the statute, will render it valid.'
Anderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967);State ex rel. Meyer v. County of Lancaster, 173 Neb. 195,113 N.W.2d 63 (1962); Beisner v. Cochran, 138 Neb. 45,293 N.W. 289 (1940). Where reasonable doubts exist with regard to the manner in which a statute is construed, such doubts must be resolved in favor of constitutionality.Peterson v. Hancock, 155 Neb. 801, 54 N.W.2d 85 (1952);Sommerville v. Johnson, 149 Neb. 167, 30 N.W.2d 577
(1948); Nelson v. Tilley, 137 Neb. 327, 289 N.W. 388
(1939).
LB 603 should be found constitutionally valid as it solely addresses matters germane to the transfer of duties and authority to the Department of Administrative Services in the operation of state administrative departments.
Whether provisions of proposed legislation are germane to the statutes they seek to amend must be investigated in addition to examining whether the sections of a particular bill relate to one general topic. LB 603 bears the same relationship to the amended statutes as it does to the other provisions of LB 603 because in each instance only one general topic, `Operation of State Administrative Departments' is addressed.
In view of the above it is the opinion of this office that LB 603 addresses one subject, that the requirements of Article III, Section 14 of the Nebraska Constitution have sufficiently been met, and the bill should be upheld as valid and enforceable.
In regard to LB 606, an application of the basic principles set out above lead us to have some concern about the constitutionality of the bill.
Section 1 of LB 606 amends § 81-8,2555, which establishes the Nebraska Commission of the Status of Women. Section 3 of the bill provides for the repeal of §§ 81-1162 to81-1169 which is the Forms Management Program Act providing for the establishment of a forms management center within the Department of Administrative Services for the coordination, orderly design, implementation, and maintenance of a state agency forms management program. Section 3 also repeals §§ 81-1346 to 81-1348, which is the Employee suggestion system program implemented by the Director of Personnel. Further it repeals §§ 43-1301 to 43-1318 which established the State Foster Care Review Board for the purpose of reviewing all Foster Care placements by any child placing agency or court.
The first consideration is whether the subject matter of Section 3 (the repealing section) is part of the subject matter of the bill. In essence the bill amends the composition of the Commission on the Status of Women and eliminates three other programs. The programs eliminated by the repeal of the statutes would appear to make up more than one comprehensive subject. Although each of the programs provide for a board with membership (with the exception of the Forms Management Program) the substance of each is different and not germane to the subject set out in the title. A reading of the repealed statutes in terms of the act fails to show any common thread of single main purpose, other than the elimination of programs. In view of the above, it is our opinion that LB 606 is constitutionally suspect.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General