REQUESTED BY: Senator Chris Beutler Nebraska State Legislature 1105 State Capitol Lincoln, Nebraska 68509
Dear Senator Beutler:
This is in response to your letter of March 1, 1983, in which you requested our opinion as to the constitutionality of LB 44. Your concern was whether there was a violation of the prohibition against a bill containing more than one subject.
Article III, Section 14, of the Constitution of Nebraska provides in part: `No bill shall contain more than one subject, and the same shall be clearly expressed in the title.' The title of LB 44 states that it is an act relating to obsolete sections. It states that it repeals Neb.Rev.Stat. § 15-267, § 15-755 to § 15-759 (provisions relating to street sprinkling and off street parking), repeals § 50-501 to § 50-520 (The Nebraska Legislative Emergency Succession and Procedures Act), that it removes § 71-507 to § 71-515 (certain bedding requirements, that is, provisions for the manufacture, renovation and use of bedding material under Article 5 on contagious diseases. It should be noted that the title made reference to `bidding' but review of the statute indicates that `bedding' was intended). Further, the title notes that it removes § 70-4,161, § 70-4,162, 70-4, 164 to § 70-4,169, § 79-1409, § 79-1413, § 79-1414 (the establishment of a school for the deaf), and that it repeals § 83-482 (relating to sentencing to the Department of Correctional Services).
It is well established that `if an act has but one general object, and contains no matter not germane thereto, and the title fairly expresses the subject of the bill, it does not violate Article III, Section 14, of the Constitution.'Anderson v. Tiemann, 182 Neb. 393, 155 N.W.2d 322 (1967);Yellow Cab Co. v. Nebraska, 175 Neb. 150, 120 N.W.2d 922
(1963); Rein v. Johnson, 149 Neb. 67, 30 N.W.2d 548
(1947); Beisner v. Cochran, 138 Neb. 445, 293 N.W.2d 289
(1940).
It is necessary to look at the bill and determine if the amendatory sections or repealing sections are part of the subject matter of the bill. According to Van Horn v.State, 46 Neb. 62, 74 (1895), legislation is `single' in subject matter so long as the act has but a single main purpose and object.' In determining what that main object is, we must look to the bill itself to ascertain whether or not it contains more than one subject. Id. at 72; and MidwestPopcorn Co. v. Johnson, 152 Neb. 867, 871-72 (1950).
The repeal of obsolete sections is the purpose set out in the title, but a review of the repealed sections fails to show any common thread of a single main purpose other than the elimination of purportedly obsolete programs. The programs eliminated by repeal of the statutes would appear to make up more than one comprehensive subject. It is our opinion that the possibility of obsolescence does not create subject matter commonality among otherwise unrelated statutes. We therefore conclude that there is a question as to the constitutionality of LB 44.
Although your requests for an opinion was confined to the issue of subject matter, the fact that there was an error in the spelling of `bedding' in the repeal of § 71-507
to § 71-715 also causes us some concern. One of the purposes of the title is notice and the connotation of the word `bidding' as compared to the word `bedding' is significantly different. The purpose of the constitutional provision that the subject shall be clearly expressed in the title is to provide that notice of the subject matter of the projected law, through the title to the bill, is given to members of the Legislature and the public. State v. Levell, 181 Neb. 401,407 (1967). Such an error in the title could result in misunderstanding as to the contents of the bill.
Very truly yours, PAUL L. DOUGLAS Attorney General Royce N. Harper Assistant Attorney General