NEBRASKA MESSENGER SERVICES ASSOCIATION and Jo Mooney, Ken Schwartz, Walt Bulton, Paul Allen, Ron Bernt and Peter Huffman, Plaintiffs,

v.

Charles THONE, Governor of the State of Nebraska, Paul Douglas, Attorney-General for the State of Nebraska, and Donald L. Knowles, County Attorney for Douglas County, Nebraska, Defendants.

Civ. No. 79–0–466.

United States District Court,
D. Nebraska.

Sept. 26, 1979.

Richard J. Bruckner, Omaha, Neb., for plaintiffs.

Ralph H. Gillan, Asst. Atty. Gen., and Francis R. Pane, Deputy County Atty., Omaha, Neb., for defendants.

## MEMORANDUM AND ORDER

DENNEY, District Judge.

This matter comes before the Court upon plaintiffs' motion for a preliminary injunction. Pursuant to a stipulation of the parties, this motion has been consolidated with this Court's determination of the merits of plaintiffs' request for a permanent injunction and for a declaratory judgment.

On the last day of the Eighty-Fifth Legislature's first session, the Nebraska Unicameral enacted Legislative Bill 273. This act prohibits any person from placing the monies of another into a pari-mutuel wagering pool if such service is performed for a fee. Neb.Rev.Stat. § 2–1221 (Supp.1978). Under this new law, messenger services which deliver wagers to race tracks for a fee would be outlawed. The plaintiffs, who operate such messenger services, allege that, on its face, this statute violates the due process and equal protection clauses of the United States Constitution. They further allege that this statute is unconstitutional as applied to them because the statute destroys the plaintiffs' businesses and is therefore confiscatory. In addition to declaratory relief, the plaintiffs seek an injunction prohibiting enforcement of this statute.

After having considered the evidence presented and the briefs submitted herein, this Court makes the following findings of fact and conclusions of law.

*Class Action*

■ This action is brought on behalf of all persons who place the wagers of another into a pari-mutuel pool in return for something of value. This class, therefore, includes not only those persons who engage in the commercial messenger service business but also those who informally place the wagers of friends and receive something of value in return.

Under Rule 23 of the Federal Rules of Civil Procedure, a proponent of a class action must show that the claims of the class representatives are typical of the class, and that the representatives are adequate to represent the class's interests. The Court has some doubt whether these requirements have been met. The representatives in the instant action are operators of commercial messenger services, all of whom would benefit if the statute is declared unconstitutional on its face or as applied. In contrast, the non-commercial members of the class would not benefit from having the statute declared unconstitutional as applied to messenger services. This creates a potential conflict. Furthermore, the plaintiffs' constitutional challenges are without substantial merit, and therefore no equitable relief shall be granted. In light of these factors, this Court finds that this suit cannot be maintained as a class action. *See McGhee v. Moyer,* 60 F.R.D. 578, 585 (W.D.Va.1973).

*Due Process*

■ This case does not involve a statute which allegedly infringes on a "fundamental right." *See Zablocki v. Redhail,* 434 U.S. 374, 383–387, 98 S.Ct. 673 (1978); *Roe v. Wade,* 410 U.S. 113, 153, 93 S.Ct. 705, 35 L.Ed.2d 147 (1973), *reh. den.* 410 U.S. 959, 93 S.Ct. 1409, 35 L.Ed.2d 694 (1973). Rather, it involves a statute which regulates the commercial and business affairs of the state. In reviewing the constitutionality of such statutes, the United States Supreme Court has held that such statutes are valid under the due process clause if some reasonable relationship exists between the statute and a legitimate state objective. *Williamson v. Lee Optical Co.,* 348 U.S. 483, 491, 75 S.Ct. 461, 99 L.Ed. 563 (1955). *See North Dakota Pharmacy Board v. Snyder's Stores,* 414 U.S. 156, 164–67, 94 S.Ct. 407, 38 L.Ed.2d 379 (1973). Furthermore, since a state statute is presumed to be valid, the burden is on the party attacking its constitutionality to prove that it has no reasonable basis. *Massachusetts Board of Retirement v. Murgia,* 427 U.S. 307, 314, 96 S.Ct. 2562, 49 L.Ed.2d 520 (1976); *San Antonio School District v. Rodriguez,* 411 U.S. 1, 40–41, 93 S.Ct. 1278, 36 L.Ed.2d 16 (1973).

■ The plaintiffs in the instant action have failed to meet this burden. Without reviewing all the possible justifications for this statute, it is clear to this Court that Neb.Rev.Stat. § 2–1221 (Supp.1978) has a reasonable relationship to a legitimate state end. No one would question that the State of Nebraska has the power to regulate gambling in the interest of the public health, safety, and general welfare. Although the messenger services may not be gambling *per se,* such businesses are closely intertwined with gambling. Due to this close relationship, the Nebraska Unicameral could reasonably conclude that the public could only be protected from some of the evils of gambling by abolishing messenger services. For example, the Legislature may have reasoned that messenger services increase the risk of illegal bookmaking. *See Nebraska Legislative Floor Debate on L. B. 273,* 85th Legis., 1st Sess. 05027 (1977).

This statute, therefore, has some rational basis and is not invalid under the due process clause.

■ The plaintiffs, however, contend that the statute is unconstitutional because it prohibits an essentially harmless business. Such arguments have no bearing on the constitutionality of this statute and should properly be addressed to the Nebraska Unicameral and not this Court. *See Ferguson v. Skrupa,* 372 U.S. 726, 731, 83 S.Ct. 1028, 10 L.Ed.2d 93 (1963).

*Equal Protection*

In addition to their due process challenge, the plaintiffs allege that this statute violates the equal protection clause of the United States Constitution. Specifically, they claim that the statute discriminates against them because the statute arbitrarily distinguishes between persons who place another's wagers for a fee and those who engage in the same practice without compensation.

■■ Since this distinction does not involve a suspect class, the statute will be declared invalid only if no rational basis exists for the classification. *New Orleans v. Dukes,* 427 U.S. 297, 303, 96 S.Ct. 2513, 49 L.Ed.2d 511 (1976). In addition, Nebraska need not attack every aspect of a problem provided that "any state of facts reasonably may be conceived to justify" the classification. *Dandridge v. Williams,* 397 U.S. 471, 485–87, 90 S.Ct. 1153, 1161, 25 L.Ed.2d 491 (1970). Under this standard, it is clear that the classification created by this Nebraska statute does have a reasonable basis. This classification could be based on the Unicameral's assessment of the relative public risks involved in each practice. For instance, the volume of wagers placed by a commercial messenger service would be greater than that of a gratuitous messenger. This difference in volume may have led the Unicameral to the conclusion that the potential harm to the public would be correspondingly greater. This Court, therefore, finds that the classification created by Neb.Rev. Stat. § 2–1221 (Supp.1978) has a reasonable

basis and does not violate the equal protection clause.

*Validity As Applied*

■ The plaintiffs' final contention is that the statute is unconstitutional as applied because of the "confiscatory effect" it has upon their property. [Plaintiffs' Brief, p. 11]. This claim is apparently based on the fact that the statute prevents the plaintiffs from continuing to use their business property to operate a messenger service. Although governmental regulation of property use can be "so onerous as to constitute a taking," such is not the case here "for there is no evidence in the present record which even remotely suggests that prohibition of further [messenger service business] will reduce the value" of the plaintiffs' business property. *Goldblatt v. Hempstead,* 369 U.S. 590, 594, 82 S.Ct. 987, 990, 8 L.Ed.2d 130 (1962). In other words, the plaintiffs have failed to show that the statute prevents the only reasonable use of the plaintiffs' property. *Penn Central Transportation Co. v. New York City,* 438 U.S. 104, 127, 98 S.Ct. 2646, 57 L.Ed.2d 631 (1977). Guided by the presumption of constitutionality given state statutes, this Court finds that the prohibitory effect of Neb.Rev.Stat. § 2–1221 (Supp.1978) is not sufficient to render it an unconstitutional taking under the Fourteenth Amendment of the United States Constitution. *See Goldblatt v. Hempstead, supra,* 369 U.S. at 594, 82 S.Ct. 987.

IT IS THEREFORE ORDERED that the plaintiffs' request for declaratory and injunctive relief is hereby denied.