ALCOHOLIC RESOCIALIZATION CONDITIONING HELP, INC., ET AL., APPELLANTS, V. STATE OF NEBRASKA, CHARLES THONE, GOVERNOR, ET AL., APPELLEES.

295 N. W. 2d 281

Filed July 22, 1980. No. 42947.

Charles O. Forrest of Kneifl, Kneifl & Forrest, for appellant Alcoholic Resocialization. Jarve L. Gar-

rett and Mark D. Theisen, for appellant South Omaha Alcoholism Counseling. Paul E. Watts, for appellant Rankin.

Paul L. Douglas, Attorney General, and Terry R. Schaaf, for appellees.

Heard before KRIVOSHA, C.J., BOSLAUGH, McCOWN, CLINTON, BRODKEY, WHITE, and HASTINGS, JJ.

BOSLAUGH, J.

This appeal involves three declaratory judgment actions brought to determine the validity of Neb. Rev. Stat. § 9-146 (Supp. 1979) of the Nebraska Bingo Act. By stipulation, the actions were consolidated in the District Court.

Section 9-146, as originally enacted, provided that not more than 10 bingo occasions per month per license could be held at any one premises. Neb. Rev. Stat. § 9-146 (Cum. Supp. 1978). A bingo occasion is a single gathering or session at which a series of successive bingo games are played. Neb. Rev. Stat. § 9-128 (Cum. Supp. 1978).

The 1979 amendment to § 9-146 added a further restriction. Section 9-146(2) now provides that "not more than two bingo occasions per week" may be held "within a single structure or building," irrespective of the number of licensees authorized to hold bingo occasions on the premises.

Veva Rankin is the lessee of a building at 5636 Ames Avenue in Omaha, Nebraska, which she rents to licensees for the purpose of holding bingo games. The other plaintiffs and intervenors, with the exception of Mary Muff and Nebraskans for Responsible Limited Bingo, are nonprofit organizations licensed to operate bingo games.

The defendants are the State of Nebraska; the Governor; the Attorney General; the County Attorney of Douglas County; the City of Omaha, Nebraska; the Mayor; and the City Prosecutor. The inter-

venors, Mary Muff and Nebraskans for Responsible Limited Bingo, support the position of the defendants.

The trial court sustained general demurrers to the petitions of the plaintiffs and intervenors and dismissed the actions. Veva Rankin, Alcoholic Resocialization Conditioning Help, Inc., Gladiators Athletic Assn. and Gladiators Alumni, Inc., South Omaha Alcoholism Counseling Program, Inc., plaintiffs, and Orvar Odd Lodge No. 24, I. O. V., and Omaha Lodge No. 330, VASA Order of America, intervenors, have appealed.

The appellants contend the 1979 amendment to § 9-146 was unconstitutional because (1) it discriminates against licensees who do not own a building in which bingo occasions may be held; (2) it impairs the obligation of contracts and vested rights; (3) it amended by implication statutory provisions regarding licenses, in violation of Neb. Const. art. III, § 14; and (4) it stifles a legitimate business by creating an arbitrary and unreasonable trade barrier.

It is important at the outset to recognize that the activity which the statute regulates is a form of gambling. Gambling is an activity that, for the most part, is prohibited and, where permitted, may be subjected to strict regulation.

The constitutional provision which authorizes legislation for the licensing and regulation of bingo games permits only nonprofit associations which have been in existence for a period of 5 years immediately preceding the application for a license to obtain licenses. Neb. Const. art. III, § 24. The present Nebraska Bingo Act, §§ 9-124 to 9-176, which was enacted in 1978 and amended in 1979, contains many provisions regulating the conduct of bingo games by licensees under the act.

The 1979 amendment to § 9-146 appears to have been designed to discourage the establishment of "bingo halls" where patrons would be able to attend

a bingo occasion every night of the week. The statutory provision will tend to encourage a wider geographical distribution of locations where bingo games may be held and avoid the concentration of bingo occasions in a relatively few locations.

It may be conceded that, to some extent, the change in the statute will place a hardship on smaller nonprofit organizations, some of which may experience difficulty in finding suitable locations and obtaining the equipment required in order for them to conduct bingo games. We do not believe this circumstance makes the regulation imposed by the 1979 amendment to § 9-146 so unreasonable that it is invalid.

The appellants argue that the amendment to the statute impairs the obligation of contracts, interferes with vested rights, and prevents them from freely contracting in the future. To some extent, this is true of most statutes which are regulatory in nature. The ultimate question is one of reasonableness.

The statute does not interfere with the use of the property leased by Mrs. Rankin except that the number of bingo occasions which may be held in the premises is limited to two per week. The licenses which the other plaintiffs and intervenors hold are not contracts but are subject to whatever reasonable regulation the Legislature may impose from time to time.

Similar contentions were made in *Beisner v. Cochran,* 138 Neb. 445, 293 N.W. 289 (1940). That case involved the repeal of a statute concerning inspection of motor vehicles. The plaintiffs had set up inspection stations in reliance on the act and the repeal of the statute eliminated any demand for their services. In the *Beisner* case, we said:

> [A] citizen has no vested right in statutory licenses, permits and privileges. This being true, a license to carry on a particular trade

> may be recalled by Legislative action at any time. No one has a vested right to be protected against consequential injuries arising from a proper exercise of public powers. That the state under its police power may regulate the use of motor vehicles on the public highways cannot be questioned. Consequently, any incidental damage resulting from a legislative invocation of its police power does not give rise to a right to enjoin the act or to claim compensation from the public. And, likewise, the amendment or repeal of an existing police regulation must necessarily follow the same principle.

*Id.*, at 447-48, 293 N.W. at 291.

The 1979 amendment to § 9-146 did not amend any of the licensing sections of the Nebraska Bingo Act although it did restrict the operations which licensees may conduct in the future. Such regulations as may be imposed after licenses have been issued are not amendments by implication of other sections relating to the issuance of licenses and the conduct of bingo games. We find no merit in the contention of the appellants that the amendment violated Neb. Const. art. III, § 14.

What has been said before disposes of the contention that the amendment created an arbitrary and unreasonable trade barrier to a legitimate business.

The appellant Rankin further contends that the State is estopped to enforce § 9-146, as amended, against her because she entered into the lease of the property in reliance upon the provisions of the statute as they existed prior to the amendment. The difficulty with this contention is that the appellant Rankin had no vested right in the statute and no right to rely on an assumption that no further restrictions or regulations might be imposed upon the operation of bingo games. There is no basis for a claim of estoppel in this situation.

The appellants are not entitled to a declaration that the 1979 amendment to § 9-146 was invalid. The judgment of the District Court is affirmed.

AFFIRMED.