Veva RANKIN; Alcoholic Resocialization Conditioning Help, Inc.; Gladiators Athletic Association, Inc.; South Omaha Alcoholism Counseling Program, Inc.; Orvar Odd Lodge No. 24, I.O.V., and Omaha Lodge No. 330, Vasa Order of America, Plaintiffs,

Little Vikes Athletic Assoc., Intervenor,

v.

Charles THONE, Governor of the State of Nebraska; Paul Douglas, Attorney General for the State of Nebraska; Donald Knowles, County Attorney for Douglas County, Nebraska; Gary Bucchino, City Attorney, Omaha, Douglas County, Nebraska; and Mary Muff, Defendants.

Civ. No. 80–0–623.

United States District Court,
D. Nebraska.

Oct. 31, 1980.

Charles O. Forrest, Kneifl, Kneifl & Forrest, Larry R. Taylor and Jarve Garrett, Omaha, Neb., for plaintiffs.

Terry Schaaf, Asst. Atty. Gen., Lincoln, Neb., for defendants Thone and Douglas.

Rockford G. Meyer, Omaha, Neb., for defendant Knowles.

Richard L. Dunning, Omaha, Neb., for defendant Bucchino.

Mary Veed, Omaha, Neb., for defendant Muff.

Gary D. Blair, Omaha, Neb., for intervenor.

## MEMORANDUM AND ORDER

RICHARD E. ROBINSON, Senior District Judge.

THIS MATTER is before the Court on the plaintiffs' application for a preliminary injunction. The plaintiffs seek to enjoin enforcement of L.B.164, a Nebraska statute which in pertinent part limits the number of bingo occasions which can be held in any particular structure or building. *See Neb. Rev.Stat.* § 9–146. The statute is allegedly unconstitutional.[1]

---

1. Plaintiffs recite a litany of constitutional objections. They claim the statute is a Bill of Attainder, violates the First, Fifth, and Four- teenth Amendments, and impairs their right to contract.

After a careful consideration of the evidence presented at the hearing and the briefs of counsel, the Court finds that plaintiffs' application should be denied.

The defendants point out that the issues raised in this proceeding have previously been litigated by the same parties in a Nebraska state court.[2] The state action was eventually heard by the Nebraska Supreme Court which affirmed the trial court's decision sustaining general demurrers to the plaintiffs' petitions. *See Alcoholic Resocialization Conditioning Help, Inc. v. Nebraska*, 206 Neb. 788, 295 N.W.2d 281 (1980). In short, plaintiffs have already had their day; they now wish to take a second swipe at the plum in federal court.

Standing as a bar to just this sort of tactic are the doctrines of collateral estoppel and *res judicata.* Together, these concepts preclude parties and their privies from relitigating claims which have been previously resolved by a final judgment. In addition, issues which might have been raised in one suit may not be raised in a subsequent suit arising out of the same cause of action. *Robbins v. District Court of Worth County*, 592 F.2d 1015, 1017 (8th Cir. 1979); *See generally* 1B *Moore's Federal Practice* ¶ 0.405.

■ *Res judicata* has specifically been invoked to preclude actions, like the present one, where the parties have litigated federal constitutional questions in state court and subsequently sought to reassert those questions in a federal forum. In *Thistlethwaite v. City of New York*, 362 F.Supp. 88, 91 (S.D.N.Y.1973) the Court said:

> Even though the United States Constitution may in the public mind, be associated with federal courts, the trustees charged with preserving and applying the federal constitution include in their number state

judges as well as federal judges. Accordingly, state court rulings on federal constitutional issues cannot be collaterally challenged by the parties to the state action in civil rights actions in federal district court; the federal court is without jurisdiction to hear constitutional cases already adjudicated by the state courts. (citations omitted).

This principle has been embraced in a number of Circuits including the Eighth. *See Bricker v. Crane*, 468 F.2d 1228, 1231 (1st Cir. 1972); *Coogan v. Cincinnati Bar Assn.*, 431 F.2d 1209, 1211 (6th Cir. 1970); *Blankner v. Chicago*, 504 F.2d 1037, 1042 (7th Cir. 1974), *cert. denied*, 421 U.S. 948, 95 S.Ct. 1678, 44 L.Ed.2d 101; *Robbins v. District Court of Worth City*, 592 F.2d 1015, 1017 (8th Cir. 1979); *Goodrich v. Supreme Court of South Dakota*, 511 F.2d 316, 318 (8th Cir. 1975); *Scoggin v. Schrunk*, 522 F.2d 436, 437 (9th Cir. 1975), *cert. denied*, 423 U.S. 1066, 96 S.Ct. 807, 46 L.Ed.2d 657 (1976).

■ Having elected to pursue their federal constitutional claims in state court, and having lost in the highest state court, it would appear that plaintiffs may now seek redress in the federal system only on a petition for a writ of certiorari to the United States Supreme Court. *Lackawanna Police Benevolent Assn. v. Balen*, 446 F.2d 52, 53 (2nd Cir. 1971). The application for a preliminary injunction, indeed for any remedy from this Court, is precluded by plaintiffs' prior outing in the Nebraska courts.

■ Assuming arguendo that the present effort is not precluded the plaintiffs are still not entitled to a preliminary injunction. The constitutional claims raised here were, with the exception of plaintiffs' light hearted Bill of Attainder argument, asserted in the state court proceedings.[3] There, they

---

**2.** The intervenor in this action, Little Vikes Athletic Association Auxiliary, Inc., was not a party in the state proceedings. It is, however, a lessee of plaintiff Veva Rankin. Ms. Rankin also "leases" her bingo hall to all the other party plaintiffs. Little Vikes' interests are thus closely related to and interwoven with the interests of the other lessee plaintiffs. As a result, Little Vikes is properly bound by the find-

ings of the state court. *See Green v. American Broadcasting Co.*, 572 F.2d 628, 631 (8th Cir. 1978).

**3.** It is fundamental that *res judicata* also precludes litigating issues which *might* have been raised in the prior litigation and arise out of the same cause of action. *Tait v. Western Maryland Railway Co.*, 289 U.S. 620, 623, 53 S.Ct. 706, 707, 77 L.Ed. 1405 (1933).

were so insubstantial that they failed to survive the state's demurrers. Plaintiffs seek a preliminary injunction perhaps to formulate more persuasive constitutional challenges. To justify the relief sought, plaintiffs must, however, establish more than a pressing need for an opportunity to recast their arguments.

The Eighth Circuit Court of Appeals has recently articulated the standard for a preliminary injunction. "The traditional test requires that the party seeking the injunction prove a substantial probability of success at trial on the merits of its claims and that it would suffer irreparable injury if injunctive relief were not forthcoming." *Dataphase Systems, Inc. v. C. L. Systems, Inc.* 640 F.2d 109 (1980). Plaintiffs have not demonstrated anything approaching a substantial probability of success on the merits. The Nebraska Supreme Court's opinion in *Alcoholic Resocialization, supra,* persuasively disposes with the bulk of plaintiffs' constitutional arguments.

In this action, plaintiffs' primary assault on L.B.164 is grounded in the notion that the statute violates the equal protection clause of the Fourteenth Amendment. They contend that by limiting the number of bingo sessions that can be held per week in any given structure, the statute impermissibly discriminates against small nonprofit organizations who do not have access to a building where they can hold their own bingo sessions.

This is essentially the same equal protection argument which the plaintiffs raised in *Nebraska Messenger Services Assn. v. Thone,* 478 F.Supp. 1036 (D.Neb.1979) affirmed 611 F.2d 250. There the plaintiffs sought to enjoin enforcement of a Nebraska statute which prohibited charging a fee for placing a pari-mutuel wager for another person. The contention was that the statute discriminated between persons who place a wager for others and those who place the same wager for a fee. In upholding the statute, Judge Denney observed that since no suspect class was involved the statute, to be constitutional, must simply have a rational basis for the classification it created. The Court found that the Unicameral could rationally have based the classification on its assessment of the relative risks to the public.

In this case, the Legislature's decision could similarly be based on its preception of the risks attendant to "professional" bingo halls. The Court cannot say that there is no rational basis for L.B.164. Whether the Court concurs with the Legislature's judgment is beside the point. As was said in *Day-Brite Lighting, Inc. v. Missouri,* 342 U.S. 421, 423, 72 S.Ct. 405, 407, 96 S.Ct. 469 (1952) the Court does not "sit as a super-legislature to weigh the wisdom of legislation nor to decide whether the policy which it expresses offends the public welfare." What is crucial for constitutional purposes is that the classifications created by L.B.164 are rationally drawn and do not impinge upon a suspect class. Where the Legislature draws reasonable classifications the Court should not and will not meddle with its judgment. *Lehnhausen v. Lake Shore Auto Parts Co.,* 410 U.S. 356, 93 S.Ct. 1001, 35 L.Ed.2d 351 (1973) L.B.164 is simply not at odds with the equal protection clause of the Fourteenth Amendment.

Nor can it be said that the plaintiffs will be irreparably injured if an injunction does not issue. At best the injury cuts both ways. While it is true that certain plaintiffs are undoubtedly at an economic disadvantage because of L.B.164, it is equally true that without L.B.164 other organizations will suffer. In determining if a preliminary injunction is appropriate the Court will consider the impact on the non-moving party. *United States v. School District of Omaha,* 367 F.Supp. 179, 197 (D.Neb.1973). An injunction is not appropriate where, as here, the best that can be said is that both sides suffer. *See Oburn v. Shapp,* 521 F.2d 142, 147 (3rd Cir. 1975); *Allison v. Froehlke,* 470 F.2d 1123, 1126 (5th Cir. 1972).

In conclusion, plaintiffs' action in this Court is precluded by the doctrine of *res judicata.* Even if the plaintiffs were entitled to relitigate their federal claims, they have failed to demonstrate either the prob-

ability of success on the merits or irreparable injury.

ACCORDINGLY, IT IS HEREBY ORDERED that plaintiffs' motion for a preliminary injunction is denied.

IT IS FURTHER ORDERED that the Temporary Restraining Order issued in this action [Filing # 3] is continued for ten (10) days from the date hereof to afford the plaintiffs an opportunity to make an orderly application to the United States Court of Appeals, Eighth Circuit, for further injunctive relief pending an appeal if an appeal is taken from this Order.