Marshall, C. J.
 

 The city of Akron adopted
 
 *94
 
 an ordinance granting to the Northern Ohio Traction & Light Company a franchise in certain streets, and in the franchise provided that motor busses should not be permitted to operate upon certain streets over which the rail transportation was being operated.
 

 The Public Utilities Commission issued to Claude B. Armstrong a certificate of convenience and necessity to- operate motor busses between the central portion of the city of Akron and the village of Lakemore, and the route covered by such motor transportation traversed Market street in Akron, being one of the streets occupied by the street railroad company and upon which motor transportation was prohibited. Thereafter another application was filed by Armstrong for authority to establish new schedules with increased equipment, within the city of Akron. The latter application was granted by the Commission upon less than 30 days notice, as required by Section 614-91, General Code (Act of March 29, 1923, 110 Ohio Laws, 217). It was further shown that Claude B. Armstrong was not the owner of the additional equipment to be operated within the city of Akron, but was only the lessee thereof. This proceeding, therefore, raises the same question of conflict as has been this day decided in Nos. 18591 to 18597,
 
 ante,
 
 68, 148 N. E., 577, pertaining to the city of Lorain. Upon that branch of the ease, the principles declared in the
 
 Lorain cases
 
 are decisive, and the same order will be made.
 

 The other two questions presented by this record are: First, whether it is necessary for an applicant to be the absolute owner of the equipment
 
 *95
 
 employed in motor transportation service; and second, whether an application for increased service, the nse of increased equipment, and new schedules, is governed by the procedure established in Section '614-91, General Code.
 

 Upon the first of these questions we find no provision in the Motor Transportation Act requiring equipment used in motor transportation service to be absolutely owned. It is a matter which is within the sound discretion of the Commission, and within the uniform rules established by the Commission any reasonable order in relation thereto will not be reversed by this court.
 

 Upon the second proposition, it is apparent that the Motor Transportation Act is in large measure separate and distinct from the earlier provisions relating to the administrative authority of the Public Utilities Commission over public utilities, and full provision is made for procedure in the matter of new applications and supplemental applications wherein it is sought by an applicant to change, extend, or shorten a route, or to increase or decrease the number of vehicles, and this procedure is found in Section 614-91. By the provisions of that section it is necessary to give published notice for 3 weeks, and it is further necessary that the hearing take place not less than 30 days from the filing of such application.
 

 The order of the Commission, permitting operation of motor vehicles on Market street, in the city of Akron, will therefore be reversed, and the Commission will be ordered to modify the original certificate in that respect.
 

 The order of the Commission pertaining to an
 
 *96
 
 increase of equipment and additional schedules within the city of Akron is also reversed, for the reason that no proper notice was served and the application was heard before the expiration of the time limited by Section 614-91, General Code.
 

 Order reversed.
 

 Jones, Matthias, Day, Allen, Kinkade and Robinson, JJ., concur.