*628
 
 Marshall, C. J.
 

 The application to dismiss must first be disposed of. Whether or not the Red Eagle Bus Company has such interest in the case as to permit it to be a protestant is largely a question of fact. The commission entertained the protest, permitted the protestant to introduce evidence, and made an order. The commission must therefore have proceeded upon the theory that the Red Eagle Bus Company had such interest as would permit it to be a protestant. The extent of that interest, or the remoteness of that interest, cannot be material, because in any event the question is one in which the public has the larger interest, and this court will not weigh or measure the extent of interest on the part of the protestant. It is sufficient to say that it does appear that the protestant has some interest in the outcome of the proceeding.
 

 It must next be ascertained whether the application for rehearing was filed in time. Section 543, General Code, provides that an application for rehearing must be made to the commission before the effective date of the order. The order from which error has been prosecuted was dated October 8,1931, and the order provided that it should be effective forthwith. It is evident that Section 543 was only intended to apply where the order was made, and by its terms was to be effective upon some future date. There is an apparent contradiction between Section 543 and Section 614-43, General Code, because the latter section authorizes the filing of an application for rehearing at any time within thirty days after the order is made by the commission. That section further authorizes notice of the rehearing, such notice to state the time and place, and fur
 
 *629
 
 ther authorizes additional evidence. The provisions of the latter section confirm the theory that Section 543 can only apply when the order by its terms does not become effective until more than thirty days after the order is made.
 

 The third ground of the motion to dismiss is that the order is not a final order, because the commission retained jurisdiction. That ground is not tenable, because the statute gives the commission continuing jurisdiction in all eases, without expressly retaining it by order. .
 

 None of the three grounds for dismissal is well taken, and the motion must be denied.
 

 It is not seriously controverted that the lessee company would be able to properly conduct the operation of that portion of the certificate extending south of Canton and Massillon, and the only question before the court at this time is the legal question of the right of the commission to authorize a lease of a portion of a certificate of convenience and necessity, and, incidentally, a portion of the equipment theretofore employed in the operation of such certificate.
 

 When the cause was heard before the commission, ■ evidence was adduced by the applicant on the theory that a portion of a certificate might be leased and that the only issue was one of fact relating to the ability of the lessee to render the transportation service.
 

 It was opposed by the protestants upon the theory that the contract is unenforceable and its approval by the commission unauthorized.
 

 Section 614-88, General Code, has been cited as authority for approval by the commission of an operation of a leased certificate.
 

 
 *630
 
 The language of that statute is somewhat puzzling. Motor transportation would have been complete without it. It does not in terms confer any power. It is prohibitory in terms. It was evidently intended to supplement other statutes which directly confer powers upon the commission by prohibiting and forbidding acts not conferred by such other statutes. There would be no difficulty in interpreting that statute except for the fact that it contains the saving clause, “or permission from the commission to so operate.” In all other statutes the method of evidencing permission is by the issuance of a certificate of convenience and necessity, and the procedure employed is a hearing, upon notice, upon an issue of such convenience and necessity. In describing the persons who are prohibited, broad classifications are employed, including “lessees.”
 

 We are of the opinion that Section 614-88 refers to lessees of motor vehicles, and that the general purpose of the statute was to protect established routes against unlawful infringements. In
 
 Westhoven
 
 v.
 
 Public Utilities Commission,
 
 112 Ohio St., 411, 147 N. E., 759, this court laid down the broad proposition that a certificate to operate a motor transportation is a personal license, not transferable. Section 614-88 was in force at that time and referred to in the opinion. It has not since been amended.
 

 Section 614-87 was the particular statute under interpretation in that decision, and the rigor of that decision has been modified by an amendment designated Section 614-87a, in which it is provided that a certificate may be “transferred with the consent of the commission after a public hearing had thereon.”
 

 
 *631
 
 In its last analysis, the question before us is whether a lease is a transfer. The most searching examination of the authorities fails to disclose that any court has ever recognized a lease of a “license personal in character.” No citation of authority is necessary to show that a lease can only be predicated upon property. It may be of the most intangible nature, but must nevertheless be a property right.
 

 If the lease in the instant case related only to the motor equipment, it would be settled by the case of
 
 Northern Ohio Traction & Light Co.
 
 v.
 
 Public Utilities
 
 Commission, 113 Ohio St., 93, 148 N. E., 584. Inasmuch as the equipment in this case has been certificated for use in the operation of certificate No. 7, that case is authority for the requirement of hearing and notice as provided by Section 614-91, General Code.
 

 If it be inquired as to what objection can be urged against the action of the commission in this case, since both lessor and lessee are held responsible for the obligations of the certificate, it may be answered that a personal responsibility cannot well be made in the alternative. Any effort to enforce its obligations against alternative obligors might be met by a claim that each was depending upon the other. A personal duty or obligation cannot be otherwise than individual. If the motor transportation laws were enforceable only by revocation of the license, the distinction would be less important, but imposition of penalties requires certainty and individual responsibility.
 

 Section 614-100, General Code, declares the penalties for violation of the provisions of Sections
 
 *632
 
 614-84 to 614-102, inclusive. That section provides that “Every motor transportation company,” etc., is subject to the penal provisions of that section. We must therefore turn to Sections 614-2 and 614-84 to ascertain the persons and corporations coming within that definition. It seems conclusive that not every owner of a motor vehicle is a transportation company, but, on the contrary, only those persons and corporations who operate motor vehicles in the public service by authoiity of the Public Utilities Commission. By reference to Section 614-87 it will be found that the only procedure leading to such authority is that defined by that section, and the only evidence of that authority is the certificate of public convenience and necessity. The action of the commission in the instant case did not result in transferring that portion of route 7 south of Canton and Massillon to the Dutt Transit .Company; neither did it result in giving to the Dutt Transit Company a certificate. The order of the commission is that it consents to the arrangement, contract or agreement between the Penn Ohio Company and the Dutt Company, whereby the Dutt Company shall exercise the right to operate motor transportation service under certificate No. 7 between certain termini, and further that the Penn Ohio Coach Lines Company is not relieved from its responsibilities as to insurance and its liability to “protect the patrons of said transportation company service or the public.” We are of the opinion, therefore, that the penal provisions of Section 614-100 cannot be made to reach the Dutt Transit Company as to any failure to render service, or to obey the orders of the commission in the operation of that portion of route No. 7 sought to be leased.
 

 
 *633
 
 The courts of other states have refused to recognize the lease of a personal license.
 
 McDonald
 
 v.
 
 Lawrence,
 
 100 Wash., 215, 170 P., 576;
 
 Opinion of the Justices to the Senate,
 
 247 Mass., 589, 143 N. E., 808;
 
 Burgess
 
 v.
 
 Mayor and Aldermen of Brockton,
 
 235 Mass., 95, 126 N. E., 456;
 
 City of Lowell
 
 v.
 
 Archambault,
 
 189 Mass., 70, 75 N. E., 65;
 
 De Haro
 
 v.
 
 United States,
 
 72 U. S. (5 Wall.), 599, 627, 18 L. Ed., 681. While none of these cases is sufficiently parallel in the facts to be decisive of the question in the instant case, they do throw light upon the general proposition that a personal license is not subject to lease.-
 

 It is claimed that Sections 614-2a and 614-60 are authority for leasing a certificate, but a careful examination of those sections leads inevitably to the conclusion that they refer to leases of property, including franchises, but not mere licenses.
 

 If the southern portion of territory covered by certificate No. 7 were subject to lease, the procedure followed by the commission would be correct, but, if subject only to transfer, it involves a shortening of the route and readjustment of service, and Section 614-91 applies.
 

 We have reached the conclusion that it is subject to transfer only, and the order of the commission will therefore be reversed, and the cause remanded.
 

 Order reversed and cause remanded.
 

 Jones, Matthias, Day, Kinkade and Stephenson, JJ., concur. v
 

 Allen, J., concurs in propositions 2 and 3 of the syllabus and in the judgment.