Day, J.
 

 The controlling question is whether the Public Utilities Commission of Ohio has' authority in law to consent to the transfer of a portion of a certificate of convenience and necessity to a purchaser thereof.
 

 Appellants contend that the Public Utilities Commission has authority under the law to consent to the transfer of a part of a certificate, and in support thereof cite and rely upon
 
 Red Eagle Bus Co.
 
 v.
 
 Public Utilities Commission,
 
 124 Ohio St., 625, 180 N. E., 261.
 

 .The appellee, taking the opposite side of the controversy, contends that
 
 Red Eagle Bus Co.
 
 v.
 
 Public Utilities Commission, supra,
 
 does not support appellants’ position; and that, on the contrary, it is authority for the proposition urged by the appellee, namely, that a part of a certificate cannot be transferred.
 

 In the cited case, the Penn Ohio Coach Lines Com-
 
 *62
 
 party was the owner of a certificate of necessity and convenience, which authorized motor transportation between Cleveland, Akron and Canton, and sonth of Canton to Dennison, Massillon and Dover. The lines company attempted to lease to the Dutt Company that portion of the certificate which authorized motor transportation south of Massillon and Canton. In reversing the order of the Public Utilities Commission, which had approved the lease, the court announced, in paragraph 3 of its syllabus, that:
 

 “A certificate of public convenience and necessity, authorizing the operation of a motor transportation service over the highways of this state, is a personal license, which by the provisions of Section 614-87a, General Code, may be transferred with the consent of the commission, after a public hearing thereon, but is not the subject-matter of a lease.”
 

 That case is not in point and lends support neither to the one nor to the other side of this controversy. The fact that only a part of the certificate was sought to be leased in the
 
 Red Eagle Bus Co. case, supra,
 
 did not enter into or have any effect upon the court’s final determination of the issues there presented. The decision there rendered was grounded on the theory that the granting of a certificate of convenience and necessity is a personal license and, as such, not subject to lease.
 

 The Public Utilities Commission of Ohio derives its power and authority from statute.
 
 New York Central Rd. Co.
 
 v.
 
 Public Utilities Commission,
 
 123 Ohio St., 370, 175 N. E., 596;
 
 City of Cincinnati
 
 v.
 
 Public Utilities Commission,
 
 96 Ohio St., 270, 117 N. E., 381. Its power and authority to issue certificates of convenience and necessity and to consent to their transfer are to be found in Sections 614-87 and 614-87a, General Code.
 

 Section 614-87, General Code, after setting forth the procedure to be followed by the commission, pro
 
 *63
 
 vides, in part: “The commission may at any time for a good cause and upon at least fifteen days’ notice to the grantee of any certificate and an opportunity to be heard, revoke, alter or amend any certificate issued under the provisions- of this chapter.”
 

 Section
 
 614-87a,
 
 General Code, provides: “Upon the death of a person operating as a motor transportation company under a certificate of public convenience and necessity, his personal representative or representatives may operate under such certificate while the same remains in force and effect and, with the consent of the commission, may transfer such certificate.
 

 “Upon the dissolution of a partnership operating as a motor transportation company under a certificate of public convenience and necessity, caused by death or otherwise, in the event the surviving or remaining partner or partners acquire the assets of the partnership, the partner or partners so acquiring such assets may continue to operate such certificate while the same remains in force and effect, and, with the.consent of the commission, may transfer such certificate; upon the dissolution of a partnership operating as a motor transportation company under a certificate of public convenience and necessity, caused by death, in the event the surviving partner or partners do not acquire the assets of the partnership, then such surviving partner or partners and the personal representative or representatives of the deceased partner or partners may transfer such certificate with the consent of the commission. A receiver or trustee of a motor transportation company appointed by any court of competent jurisdiction may operate under any certificate or certificates held by such motor transportation company while the same remains in force and effect and, with the consent of the commission, may transfer such certificate or certificates.
 

 “In all other cases a certificate of public convenience and necessity may be transferred with the con
 
 *64
 
 sent of the commission after a public hearing had thereon.
 

 “Applications for the transfer of certificates under this section shall be made in writing and shall be in such form as the commission may require. The applicants shall give notice of the filing of such application or applications by publication made once a week for three consecutive weeks prior to the date set for the hearing of such application or applications in a newspaper of general circulation published at the county seat of the county in which is located the principal place of business of the applicant or applicants, and the commission shall fix a date for the hearing of such application or applications and shall give the applicant or applicants at least ten days’ written notice thereof.”
 

 Nowhere in these sections is there to be found language which as much as suggests that anything less than an entire certificate may be transferred. In Section
 
 614-87a,
 
 General Code, authorizing the Public Utilities Commission to consent to the transfer, the article “a” precedes the word “certificate,” the provision reading: “In all other cases a certificate of public convenience and necessity may be transferred with the consent of the commission after a public hearing had thereon.”
 

 No other language, either preceding or following the word “certificate,” expresses or indicates an intent of the Legislature to include within the meaning of the words “a certificate” anything less than a whole certificate. Had such been the legislative intent, words such as “or any part thereof,’’ or language of similar import would and could have been used to modify the word “certificate.”
 

 As further indication of the fact that transfer of a part of a certificate was not contemplated by the Legislature, we find that Section 614-93, General Code, permits the changing of a certificate by extending or
 
 *65
 
 shortening the route, or otherwise varying the provisions of the certificate, upon application to the commission, thereby obviating the need for transfer of a part of a certificate. Section 614-93, General Code, and Sections 614-87 and 614-87a, General Code, are
 
 m pari materia
 
 and may therefore be read and construed together.
 

 In interpreting statutes, we are not concerned with the question as to what the Legislature intended to enact, but we are concerned with the question as to what the Legislature intended by what it did enact. It is our function to ascertain the sense in which words in a statute are used, and to give that sense effect, but it is not our function, or is it within our power, to add words to a statute by judicial interpretation.
 

 We therefore hold that under the provisions of Sections 614-87 and 614-87a, General Code, the Public Utilities Commission of Ohio is not vested with authority, express or implied, to consent to the transfer of a part of a certificate of convenience and necessity to a purchaser thereof.
 

 The order of the Public Utilities Commission in each of these cases is affirmed.
 

 Orders affirmed.
 

 Weygandt, C. J., Zimmerman, Williams, Matthias and Hart, JJ., concur.