IN RE APPLICATION OF SPECTOR FREIGHT SYSTEM, INC., CHICAGO, ILLINOIS, ET AL.
SPECTOR FREIGHT SYSTEM, INC., CHICAGO, ILLINOIS, ET AL., APPELLANTS, v. HERMAN BROS., INC., ET AL., APPELLEES.
251 N. W. 2d 376

Filed March 9, 1977. No. 40847.

Rodney Peake of Peake and Navis and Lloyd J. Marti of Marti, Dalton, Bruckner, O'Gara & Keating, for appellants.

James E. Ryan and Patrick E. Quinn, for appellees.

Heard before WHITE, C. J., SPENCER, BOSLAUGH, McCOWN, CLINTON, BRODKEY, and WHITE, JJ.

BOSLAUGH, J.

This is an appeal from an order of the Public Service Commission denying an application to transfer the intrastate operating authority of Hennis Freight Lines, Inc., of Nebraska (Hennis) to Spector Freight System, Inc. (Spector). The application was filed as a result of a merger between several corporations, including Hennis, in which Spector became the surviving motor carrier operating company.

Hennis held the following operating authority which the application sought to transfer to Spector: "SERVICE AUTHORIZED: Commodities generally (including perishables requiring refrigeration) except (1) livestock and (2) liquid bulk products by tank vehicles. ROUTE OR TERRITORY AUTHORIZED: Regular route operations: (1) Between Omaha and Lincoln, Nebraska via US-6. Irregular route operations: Between all points in Nebraska over irregular routes."

The commission denied the application in all respects, one commissioner dissenting. The applicants concede that the intrastate authority of Hennis was dormant as to all service authorized except the transportation of bulk cement, limestone, and limestone products over irregular routes. On this appeal the applicants contend only that the transfer of the authority to transport bulk cement and limestone products by irregular routes should have been approved.

The commission found that the transfer of the au-

thority to transport bulk cement and limestone products should be denied because the applicants failed to prove that Hennis of Nebraska had been an effective competitor for the transportation of these commodities; that a transfer would result in a new or different service or operation as to territorial scope; and the transfer would tend to enlarge competition over that presently existing without any showing that public convenience and necessity required the service.

The applicable statute is section 75-318, R. R. S. 1943. It provides, generally, that when two motor carriers propose to consolidate or merge certificates of public convenience and necessity into one ownership they shall present an application to the commission which shall notify interested parties and hold a public hearing. The statute then provides: "If, after such hearing, the commission finds that the transaction proposed will be consistent with the public interest and does not unduly restrict competition and that the applicant is fit, willing, and able to properly perform the proposed service, it may enter an order approving and authorizing such consolidation, merger, purchase, lease, operating contract, or acquisition of control of the properties, or any part thereof, certificates or permits or the whole, or any part thereof, upon such terms and conditions as it shall find to be just and reasonable; Provided, that if any of the certificates or permits proposed to be merged, consolidated, transferred, or leased are dormant the commission may approve an application for consolidation, merger, transfer, or lease only upon proof of and a finding that such merger, consolidation, transfer, or lease is or will be required by the present and future public convenience and necessity, in the same manner as provided in section 75-311; and provided further, that if the proposed merger, consolidation, transfer, or lease of the certificates or permits will permit or result in a new or different service or operation as to territorial scope than that which is or may be rendered

or engaged in by the respective parties, or, as to passenger motor carriers, will tend to enlarge competition over that then existing, the commission may approve such an application for merger, consolidation, transfer, or lease only upon the basis of proof of and a finding that the proposed merger, consolidation, transfer, or lease is or will be required by the present and future public convenience and necessity, in the same manner as provided in section 75-311."

The statute establishes three requirements which are applicable to all applications filed under section 75-318, R. R. S. 1943: (1) The proposed transaction will be consistent with the public interest; (2) it does not unduly restrict competition; and (3) the applicant is fit, willing, and able to perform the proposed service. See Andrews Van Lines, Inc. v. Smith, 187 Neb. 533, 192 N. W. 2d 406.

The commission made no finding specifically concerning these three requirements but the evidence before the commission established that these requirements had been satisfied. Spector is well-financed and has equipment available to perform all transportation service that is tendered to it. Specialized equipment is available from lessors, and where the traffic justifies the purchase of specialized equipment Spector will purchase such equipment. Spector has satisfied all requirements of the commission concerning licensing of equipment, insurance, and similar matters.

The transfer would not unduly restrict competition but would probably increase competition. Spector would be substituted for Hennis and the evidence is that Spector would probably be more aggressive in soliciting traffic than Hennis has been in the past.

There is no evidence to support a finding that the proposed transfer would not be consistent with the public interest unless evidence that Spector would be a more aggressive competitor than Hennis has been could be said to support such a finding. The language of the

order demonstrates that the principal ground for denying the application to transfer the authority to transport bulk cement and limestone products was that Spector would be a greater competitor for this business than Hennis has been. This is not a proper ground for denying an application to transfer if the authority is not dormant.

The statutory provision in regard to dormancy is not involved here because the evidence establishes the authority of Hennis to transport bulk cement and limestone products by irregular routes was not dormant; the commission found that it was not dormant; and the protestants concede that part of the authority was not dormant.

All the parties and the commission cite Dahlsten v. Harris, on reargument, 191 Neb. 714, 217 N. W. 2d 813. The Dahlsten case involved an application by Harris who was engaged in heavy hauling to transfer a certificate which included authority to transport contractor's supplies, equipment, and other commodities requiring the use of special equipment over irregular routes. The commission revoked the authority to transport cement, in bulk and bag, and limestone products, but approved the transfer of the rest of the authority subject to restrictions. The evidence showed that Harris had never hauled cement or limestone in pneumatic trailers except on one occasion in 1966 when he used equipment owned by the customer. The evidence established that this part of the Harris' authority was dormant and could not be transferred without proof of public convenience and necessity. Unlike the Dahlsten case, the authority of Hennis in this case to transport bulk cement and limestone products was not dormant.

Proof of present and future public convenience and necessity is not required unless the authority to be transferred is dormant or the transfer will result in a new or different service or operation *as to territorial scope.* Caudill v. Lysinger, 161 Neb. 235, 72 N. W. 2d

684. The statutory provision in regard to a transfer that will permit or result in a new or different service as to territorial scope is not involved because the authority in dispute here is statewide over irregular routes. See Transit Homes, Inc. v. National Trailer Convoy, Inc., 173 Neb. 391, 113 N. W. 2d 638.

The statutory provision in regard to a transfer that will tend to enlarge competition over that then existing is not involved because the proposed merger does not involve *passenger motor carriers*.

There are only two protestants in this case who have authority which conflicts with that of Hennis to transport bulk cement and limestone products. Dokter Trucking Corp. holds authority to transport rock, agricultural limestone, ground or pulverized limestone, and road and dam construction materials (except cement in bulk) over irregular routes. Herman Bros., Inc., holds authority to transport cement in bulk and limestone products over irregular routes.

The purpose of commission control is not to establish an unbridled monopoly by the elimination of fair competition, nor is it to create unfair or destructive competition resulting in inadequate service to the public. The object of commission control is to permit a regulated competition, productive of efficient service at a minimum cost, operated for reasonable profit in the interest of public users of the service, without endangering or impairing the operations of certified common carriers in the field. Basin Truck Co. v. R. B. "Dick" Wilson, Inc., 166 Neb. 665 at p. 670, 90 N. W. 2d 268.

The evidence before the commission did not support a denial of the transfer of the authority of Hennis to transport bulk cement, limestone, and limestone products between all points in Nebraska over irregular routes. To that extent the order was unreasonable and arbitrary and must be reversed.

That part of the order of the commission which de-

nied a transfer of the authority of Hennis to transport bulk cement, limestone, and limestone products between all points in Nebraska over irregular routes is reversed; the order in all other respects is affirmed.

AFFIRMED IN PART, AND IN PART REVERSED.