MAXWELL COMPANY, APPELLANT, *v.* PUBLIC UTILITIES
COMMISSION OF OHIO, APPELLEE. (TWO CASES.)

[Cite as Maxwell Co. *v.* Pub. Util. Comm. (1985), 18 Ohio St. 3d 217.]

(Nos. 84-1446 and 84-1923—Decided July 17, 1985.)

*Stiverson & Alden,* and *James R. Stiverson,* for appellant.

*Anthony J. Celebrezze, Jr.,* attorney general, *Robert S. Tongren* and *John L. Shailer* in case Nos. 84-1446 and 84-1923, and *David C. Champion* in case No. 84-1923, for appellee, Public Utilities Commission.

*Berry & Spurlock Co., L.P.A.,* and *Michael Spurlock,* for intervening appellees Condor Express, Inc. and United States Transportation, Inc. in case No. 84-1446.

*Per Curiam.* A common gravamen in each of these actions concerns the practical consequence of the agency agreements between the transferors and transferees of the certificates. Maxwell argues that these agreements act to "split" the operating certificates, allowing both transferor and transferee in each case to operate pursuant to the authority of the respective certificates. This practice was found to be unlawful in *Braddock* v. *Pub. Util. Comm.* (1940), 137 Ohio St. 59 [17 O.O. 378], wherein this court held that the PUCO was not vested with the authority to consent to the transfer of a part of a certificate of public convenience and necessity.

In support of this proposition, this court's attention is directed to *Werlin Corp.* v. *Pub. Util. Comm.* (1978), 53 Ohio St. 2d 76 [7 O.O.3d 152]. There, this court held that a PUCO finding that a leasing agreement between a proposed transferor and transferee of a certificate amounted to an illegal certificate splitting agreement was not manifestly against the weight of the evidence. The leasing agreement purportedly called for the transferee of the certificate to utilize the transferor's trucking equipment. However, this court reasoned as follows: "[T]hat appellant [Werlin, the agent] controlled the trucking operation and that the contract was not an orthodox lease arrangement suggests that the contract actually called for the transfer of a certificate to appellant rather than for the transfer of trucks to McKibben [the principal]." *Id.* at 84.

It is important to note that the mere existence of an agency agreement in which the transferee agrees to utilize equipment from the transferor does not, *per se,* act to split a certificate in violation of R.C. 4921.13. To the contrary, the PUCO has outlined its policies regarding an authorized carrier's ability to augment its equipment fleet in Ohio Adm. Code 4901:2-3-03. Further, the right of a carrier-certificate holder to lease the equipment necessary to provide adequate service pursuant to the certificate was reviewed and approved by this court in *Small* v. *Pub. Util. Comm.* (1925), 113 Ohio St. 650.

A review of the agency agreements in the actions at bar reveals: (1)

that both agreements provide for a division of the revenue derived throughout the term of the agency; (2) that both agreements are for a definite period of time with a renewal option; and that either party may nullify the option to renew the agreement upon written notice of cancellation within a specified time prior to the end of the original term of the agreement; (3) that in case No. 84-1446, the agency agreement may be cancelled by either party, without cause by giving one hundred eighty days' written notice, and that in both agreements the agent reserves the right to cancel the agreement if the principal fails to perform its obligations; and (4) that both of the agency agreements explicitly stipulate the principal's right to control, supervise and direct the actions of the agent.

Each of these factors serves to demonstrate that the agency agreements in the actions at bar do not "split" the operating certificates. Rather, the agreements allow the transferees to augment their equipment, as is permissible under Ohio Adm. Code 4901:2-3-03, in order to provide adequate service.

In a second argument common to these actions, Maxwell charges that the PUCO issued its opinions and orders without the aid of the attorney examiner's report in either case. Such an act is said to be in violation of Ohio Adm. Code 4901-1-33(A) which requires the submission of the attorney examiner's findings, conclusions, and recommendations with the commission, unless otherwise ordered by the commission or expressly waived by the parties.

An examination of the PUCO's opinions and orders in the actions at bar reveals the preface of each order "waived" the necessity of the submission of the attorney examiner's report. Since the commission did not specifically order the omission of the examiner's report, nor did the parties waive this requirement, the commission's waiver of the examiners' reports is said to be improper.

We find this argument to be without merit. The commission's use of the word "waives" as opposed to the phrase "orders the waiver" is a semantical difference of no importance. The intent of the commission to forego the filing of the examiner's report is evident.

In another issue raised in case No. 84-1446, Maxwell accuses the PUCO of accepting the proposed transfer as an accomplished fact. This is said to constitute an administrative prejudgment and to be unlawful *per se*. This allegation is based on language utilized in the following excerpt from the commission's June 5, 1984 opinion and order:

"The *operations are conducted* * * *. All *operations are conducted* * * *. The freight bill indicates the *payments are to be made* * * * and all *monies are placed* * * *. Thereafter, the *monies are divided* * * *." (Emphasis added.)

This proposition is without merit. The language used in this passage merely analyzes the operation of the proposed agency agreement in the present tense. A reading of the entire opinion and order clearly

demonstrates that the commission did not accept the proposed transfer as an accomplished fact.

The orders of the commission in case Nos. 84-1446 and 84-1923, being neither unreasonable nor unlawful, are affirmed.

*Order affirmed in case No. 84-1446.*
*Order affirmed in case No. 84-1923.*

CELEBREZZE, C.J., SWEENEY, LOCHER, HOLMES, COOK, DOUGLAS and WRIGHT, JJ., concur.

COOK, J., of the Eleventh Appellate District, sitting for C. BROWN, J.