STONY'S TRUCKING COMPANY, APPELLANT, *v.*
PUBLIC UTILITIES COMMISSION OF OHIO ET AL., APPELLEES.

[Cite as Stony's Trucking Co. *v.* Pub. Util. Comm. (1989), 43 Ohio St. 3d 131.]

(No. 87-2003—Submitted April 4, 1989—Decided June 7, 1989.)

132

Sanborn, Brandon & Duvall Co., L.P.A., James Duvall and Clifton G. Valentine, Jr., for appellant.

Anthony J. Celebrezze, Jr., attorney general, Robert S. Tongren and Thomas W. McNamee, for appellee.

James R. Stiverson, for intervening appellee.

Per Curiam. Stony's argues that it was unreasonable and unlawful for the commission to deny its application to alter or amend 784-I. We disagree and affirm the order of the commission.

Stony's application was filed pursuant to R.C. 4921.10, which provides, in part, that "[t]he commission may, for good cause, * * * revoke, alter, or amend any certificate issued under sections 4921.02 to 4921.32 of the Revised Code."

Appellant admits that the application was brought to "split" a certificate, with the intent of transferring a portion of the authority in a subsequent proceeding. The law is well-settled, however, that the commission cannot lawfully approve the transfer of a portion of a certificate, or *any procedure* that is designed to accomplish such an end. See *Braddock v. Pub. Util. Comm.* (1940), 137 Ohio St. 59, 17 O.O. 378, 27 N.E. 2d 1016; and *Harold D. Miller, Inc. v. Pub. Util. Comm.* (1967), 10 Ohio St. 2d 53, 39 O.O. 2d 44, 225 N.E. 2d 269.

The commission determined that the bifurcated procedure envisioned by Stony's would require it to inappropriately do indirectly that which it cannot do directly under the strictures discussed in *Braddock* and *Miller.* We agree. The commission clearly did not abuse its discretion in failing to allow the requested amendment.

Finding nothing unreasonable or unlawful in the decision, we affirm the order of the commission.

*Order affirmed.*

MOYER, C.J., SWEENEY and DOUGLAS, JJ., concur.

WRIGHT, J., concurs in judgment only.

HOLMES, H. BROWN and BROGAN, JJ., dissent.

JAMES A. BROGAN, J., of the Second Appellate District, sitting for RESNICK, J.

HOLMES, J., dissenting. In *Braddock v. Pub. Util. Comm.* (1940), 137 Ohio St. 59, 17 O.O. 378, 27 N.E. 2d 1016, Judge Day set forth the specific issue presented to the court as being "whether the Public Utilities Commission of Ohio has authority in law to consent to the transfer of a portion of a certificate of convenience and necessity to a purchaser thereof." *Id.* at 61, 17

O.O. at 379, 27 N.E. 2d at 1017. The syllabus law of the case answered this query:

"Under the provisions of Sections 614-87 and 614-87a, General Code, the Public Utilities Commission of Ohio is not vested with authority, express or implied, to consent to the transfer of a part of a certificate of public convenience and necessity to a *purchaser* thereof." (Emphasis added.)

It is without question that the facts in such case involved the application for permission to split certificates in order that the owner of the certificate as previously granted could transfer for a consideration a portion of such certificate to another trucking company.

In *Harold D. Miller, Inc.* v. *Pub. Util. Comm.* (1967), 10 Ohio St. 2d 53, 39 O.O. 2d 44, 225 N.E. 2d 269, the facts of the case show that the trucking company, which had been previously issued a certificate, made application to the commission to split the certificate for purposes of selling a portion of such certificate and its trucking routes to another trucker. Chief Justice Taft, writing for the court, held that the order of the commission allowing the certificate split was unlawful, in that it authorized the sale of part of a certificate, which the General Assembly had not empowered the commission to do. Although the third paragraph of the syllabus in the *Miller* case does state that "[t]he General Assembly has not authorized transfer of a part of such a certificate," this should be read in context with the facts of that case and other cases where the certificate split was to effect a sale to another for a consideration.

Here, an alternative, and more reasonable, approach could be taken by the commission, and not do violence to the basic policy of disallowing splits of certificates for the purpose of effecting a sale by the holder of the certificate to another trucking company. The facts presented below show that the holder of the certificate here, in utilizing such, is engaged in two different types of trucking, *i.e.,* regular and heavy hauling, and desires to split the certificate in order to assign the heavy hauling to a subsidiary trucking company that is solely owned by the certificate holder. Seemingly, the facts further show that such split and transfer to its subsidiary would effect certain operating and bookkeeping benefits to the certificate holder. I must conclude that allowing such a split and transfer would not be for a *sale* to another for consideration, which would be contrary to this court's prior pronouncements.

I would therefore reverse the Public Utilities Commission and remand the cause to that agency with an order to allow a limited splitting of the certificate to effect a transfer of a portion thereof, but only to the wholly owned subsidiary of the certificate holder.

H. BROWN and BROGAN, JJ., concur in the foregoing dissenting opinion.